UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN MILLIRON,

        Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE;
FEDERAL BUREAU OF
INVESTIGATION,

        Defendants.
_____/

Case No. 1:22-cv-782

Hon. Paul L. Maloney
U.S. District Court Judge

Hon. Sally J. Berens
U.S. Magistrate Judge

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants U.S. Department of Defense (DOD) and Federal Bureau of Investigation (FBI), (collectively, Defendants), by and through their attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Laura A. Babinsky, Assistant United States Attorney, state the following as their Answer to Plaintiff's Complaint and their Affirmative Defenses:

### Introduction

1.  Plaintiff brings this FOIA case after Defendants have failed to comply with their FOIA obligations.  The FBI has simply not provided responsive records.  The DOD, on the other hand, is hiding something.  The DOD has purposefully withheld e-mails likely exceeding 100 pages that are responsive to one of Plaintiff's FOIA requests.  For the meager five pages that the DOD has provided Plaintiff, the agency has improperly asserted FOIA exemption (b)(6).  These efforts suggest the DOD is doing everything it can to keep from public view the extent of its

questionable relationship with those involved in the Trump/Alfa-Bank hoax[1] – including Rodney Joffe, who is the subject of a criminal probe by Special Counsel John Durham for defrauding "the US government by misusing internet data from government contracts to search for derogatory information about Trump and Russia."[2]

**ANSWER: Paragraph 1 is a characterization of the Complaint to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff brings this action under the FOIA. Defendants deny the remaining allegations in this paragraph.**

### Jurisdiction and Venue

2. The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district because Plaintiff is domiciled in Ottawa County, Michigan.

**ANSWER: Paragraph 2 states legal conclusions regarding jurisdiction and venue to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's domicile.**

### Parties

3. Plaintiff is a resident of Ottawa County, Michigan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

4. Defendant U.S. Department of Defense is an agency of the United States

---

[1] Margot Cleveland, The Alfa Bank Hoax Is Looking A Lot Like Crossfire Hurricane, The Federalist (April 4, 2022), https://thefederalist.com/2022/04/04/the-alfa-bank-hoax-is-looking-a-lot-like-crossfire-hurricane/.

[2] Marshall Cohen, Durham prosecutors detail criminal probe into tech executive who worked on Trump-Russia back channel claims, CNN (April 28, 2022), https://www.cnn.com/2022/04/27/politics/john-durham-criminal-probe-rodney-joffe/index.html.

Government within the meaning of 5 U.S.C. § 552(f)(1) that possesses the records Plaintiff seeks. The Department of Defense is located at 1000 Defense Pentagon, Washington, DC 20301-1000.

**ANSWER: DOD admits that it is an agency of the United States, that it is located at 1000 Defense Pentagon, Washington, DC 20301-1000, and that it possesses some records responsive to Plaintiff's FOIA requests. The remaining allegations in Paragraph 4 state legal conclusions to which no response is required.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

5. Defendant FBI possesses the records Plaintiff seeks. The FBI is a component of the U.S. Department of Justice, which is an agency of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1). The FBI is headquartered at 935 Pennsylvania Ave. NW, Washington, D.C. 20535-0001.

**ANSWER: FBI admits that it is a component of the U.S. Department of Justice and that it is headquartered at 935 Pennsylvania Ave. NW, Washington D.C. 20535-0001. FBI's search for potentially responsive records is ongoing. The remaining allegations in Paragraph 5 state legal conclusions to which no response is required.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## Factual Background

6. Plaintiff has submitted to the DOD and the FBI a number of FOIA requests concerning matters related to the Trump/Russia investigation and these agencies' contacts with individuals who helped assert purported ties Donald Trump, his associates, and the Trump

Organization had with Alfa Bank and Russia.  Defendant FBI has failed to produce the requested records.  Defendant DOD has failed to produce requested records, unlawfully withheld records, and has improperly asserted FOIA exemptions.  Defendants' actions left Plaintiff no choice but to file this lawsuit.

**ANSWER:  Defendants admit that they received FOIA requests from Plaintiff. Defendants respectfully refer the Court to the FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent with them.**

**FBI admits that as of the date of the Complaint, it had not produced records responsive to the FOIA requests it received.  FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and denies the allegations in the third sentence of this paragraph.**

**The fourth sentence of this paragraph is a characterization of the Complaint to which no response from Defendants is required.**

A.      DOD: FOIA Request 22-F-0725

7.      On March 21, 2022, Plaintiff submitted a FOIA request to the DOD, stating: "I request all emails in the account of Christopher Schneck (Christopher.schneck.ctr@darpa.mil) sent to or from: Angelos Keromytis, Manos Antonakakis, Rodney Joffe, David Dagon, Tejas Patel."  Plaintiff sought records from the date range April 1, 2016 through March 20, 2022.

**ANSWER:  DOD admits that on March 21, 2022, it received a FOIA request from Plaintiff.  DOD respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

8. On June 28, 2022, the DOD provided its final response, assigning this request FOIA case number 22-F-0725 and stating it had "located five pages determined to be responsive to your request."  These documents were heavily redacted, with the names of senders and recipients of e-mails and calendar entries being hidden from public view.  For example, there is this June 1, 2018 calendar e-mail relating to a "CIA meeting."  The sender and recipients are unknown, as is the rest of the subject line.

```
(b)(6)

From:          Microsoft Outlook on behalf o (b)(6)
Sent:          Friday, June 1, 2018 8:43 AM
To:            (b)(6)
Subject:       CIA meeting (b)(6)
Attachments:   CIA meeting

Sender: (b)(6)
Subject: CIA meeting (b)(6)
Message-Id: (b)(6)
To: (b)(6)
To:
To:
```

**ANSWER:  DOD admits that on June 28, 2022, it sent Plaintiff a final response to Plaintiff's FOIA request, assigned as FOIA case number 22-F-0725.  DOD respectfully refers the Court to the final response letter for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9.      Plaintiff filed a timely appeal, informing the DOD that its redactions of the documents under FOIA exemption (b)(6) were improper and unlawful, and that there were other e-mails responsive to Plaintiff's request that the DOD had withheld.  The DOD responded to Plaintiff's appeal on August 24, 2022, giving the empty promise that the agency would "search for additional responsive records."  As of August 25, 2022, the DOD has not provided all responsive documents and has not removed all improper exemptions.

**ANSWER:  DOD admits that Plaintiff appealed DOD's response to FOIA case number 22-F-0725 and that DOD responded to Plaintiff's appeal on August 24, 2022, remanding Plaintiff's FOIA request for further search for additional responsive records. DOD respectfully refers the Court to Plaintiff's appeal and DOD's response for a complete and accurate statement of their contents and denies any allegations inconsistent with them. DOD further admits that it has not produced further records in response to FOIA case number 22-F-0725 since August 24, 2022.  The remaining allegations of Paragraph 9 state legal conclusions to which no response is required.  To the extent a response is required, DOD denies the remaining allegations in this paragraph.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

B.      **DOD: FOIA Request 22-F-0825 [sic]**

10.     On April 22, 2022, Plaintiff made the following FOIA request to the DOD: "I request any reports, contracts, or emails in DARPA's possession relating to any relationship

between the US government and the following entities:

- Lola Office Services;
- Measurement Systems, LLC;
- Packet Forensics;
- Vostrom Holdings;
- RapidCert, LLC;
- SRN Hosting;
- Terascope, LLC;
- BV Associates;
- Bitvoyant;
- Zeropoint Dynamics."

**ANSWER: DOD admits that on April 25, 2022, it received a FOIA request from Plaintiff. DOD respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11. The date range for this request was from January 1, 2016 through April 22, 2022.

**ANSWER: DOD admits that on April 25, 2022, it received a FOIA request from Plaintiff. DOD respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12. The DOD acknowledged this request on April 27, 2022 and assigned it FOIA case

number 22-F-0852. As of August 25, 2022, Plaintiff has not received responsive documents from the DOD relating to FOIA case number 22-F-0852.

**ANSWER: DOD admits that it assigned Plaintiff's request FOIA case number 22-F-0852 and that on April 27, 2022, it provided an interim response to Plaintiff's request. DOD respectfully refers the Court to the interim response letter for a complete and accurate statement of its contents and denies any allegations inconsistent with it. Further, DOD admits that as of the date of the Complaint, it had not produced records responsive to this FOIA request.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

C.   **DOD FOIA Request 22-F-0853**

13. On April 22, 2022, Plaintiff made the following FOIA request to the DOD. "I request reports, memorandums, emails, presentations or files relating to the 'Rhamnousia' program submitted or evaluated from the work product of Manos Antonakakis or David Dagon." The date range for this request was from January 1, 2016 through April 22, 2022.

**ANSWER: DOD admits that on April 25, 2022, it received a FOIA request from Plaintiff. DOD respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

14. The DOD acknowledged this request on April 26, 2022 and assigned it FOIA case number 22-F-0853. As of August 25, 2022, Plaintiff has not received responsive documents

from the DOD relating to FOIA case number 22-F-0853.

**ANSWER:  DOD admits that it assigned Plaintiff's request FOIA case number 22-F-0853 and on April 26, 2022, it provided an interim response to Plaintiff's request.  DOD respectfully refers the Court to the interim response letter for a complete and accurate statement of its contents and denies any allegations inconsistent with it.  Further, DOD admits that as of the date of the Complaint, it had not produced records responsive to this FOIA request.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

### D.     DOD FOIA Request 22-F-0858

15.     On April 22, 2022, Plaintiff made the following FOIA request to the DOD: "I request any internal chat logs of DARPA personnel to include: Angelos Keromytis, Tejas Patel, Christopher Schneck, or Allison Kane that reference Rodney Joffe, Raymond Saulino, the hack of the DNC, a secret communications server between Alfa Bank and Trump, APT-28, APT-29, or Special Counsel Robert Mueller."  The date range for this request was from April 1, 2016 through June 30, 2019.

**ANSWER:  DOD admits that on April 25, 2022, it received a FOIA request from Plaintiff.  DOD respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

16.     The DOD acknowledged this request on April 27, 2022 and assigned it FOIA case

number 22-F-0858.  As of August 25, 2022, Plaintiff has not received responsive documents from the DOD relating to FOIA case number 22-F-0858.

**ANSWER:  DOD admits that it assigned it Plaintiff's request FOIA case number 22-F-0858 and on April 27, 2022, it provided an interim response to Plaintiff's request. DOD respectfully refers the Court to the interim response letter for a complete and accurate statement of its contents and denies any allegations inconsistent with it.  Further, DOD admits that as of the date of the Complaint, it had not produced records responsive to this FOIA request.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

E.  **DOD FOIA Request 22-F-0881**

17. On April 30, 2022, Plaintiff submitted a FOIA request to the DOD, stating: "I request any emails in the account of Stefanie Tompkins (DARPA) sent to or from: Rodney Joffe, Angelos Keromytis, John Podesta, Andrew Weismann (FBI), or Peter Strzok (FBI)."  The date range for this request was from January 1, 2016 through April 30, 2022.

**ANSWER:  DOD admits that on May 2, 2022, it received a FOIA request from Plaintiff.  DOD respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

18. The DOD acknowledged this request on May 3, 2022 and assigned it FOIA case number 22-F-0881.  As of August 25, 2022, Plaintiff has not received responsive documents

from the DOD relating to FOIA case number 22-F-0881.

**ANSWER: DOD admits that it assigned Plaintiff's request FOIA case number 22-F-0881 and on May 3, 2022, it provided an interim response to Plaintiff's request. DOD respectfully refers the Court to the interim response letter for a complete and accurate statement of its contents and denies any allegations inconsistent with it. Further, DOD admits that as of the date of the Complaint, it had not produced records responsive to this FOIA request.**

**FBI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

### F.   FBI FOIA Request 1549040-000

19.   On June 5, 2022, Plaintiff made the following FOIA request to the FBI: "I request copies of any 302's or 1023's for Rodney Joffe, Manos Antonakakis, L. Jean Camp, Mike Mcintire (NYT), or April Lorenzen during the period March 1, 2016 through March 1, 2019 that are relevant to Russia, Trump, Alfa bank, or the hack of the DNC."

**ANSWER: FBI admits that it received a FOIA request from Plaintiff, dated June 5, 2022. FBI respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

20.   The FBI acknowledged this request and assigned it FOIA number 1549040-000. In an e-mail dated August 8, 2022, the FBI informed Plaintiff that the estimated date of completion would be "1,929 days from the date the FBI opened your request." This puts the

FBI's anticipated completion date towards the end of 2027.  As of August 25, 2022, Plaintiff has not received responsive documents from the FBI relating to FOIA number 1549040-000.

**ANSWER:  FBI admits that it assigned Plaintiff's request Freedom of Information/Privacy Acts (FOIPA) Request Number 1549040-000 and, via letter dated June 13, 2022, it acknowledged receipt of Plaintiff's FOIA request.  FBI further admits that it sent an e-mail to Plaintiff on August 8, 2022.  FBI respectfully refers the Court to the acknowledgment letter and email for a complete and accurate statement of their contents and denies any allegations inconsistent with them.  FBI further admits that as of the date of the Complaint, it had not produced documents responsive to this FOIA request.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

G.    **FBI FOIA Request for Grasso/Joffe e-mails**

21.    On June 5, 2022, Plaintiff submitted the following FOIA request to the FBI: "I request all email records between Rodney Joffe and FBI agent Tom Grasso for the period of April 1, 2016 through April 1, 2017 that relate to: DNC, Alfa server, Trump, Russia, Georgia Tech, April Lorenzen."

**ANSWER:  FBI admits that it received a FOIA request from Plaintiff, dated June 5, 2022.  FBI respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

22.    Plaintiff has not yet received an acknowledgment concerning this request for

records. As of August 25, 2022, Plaintiff has not received responsive documents from the FBI relating to this FOIA request.

**ANSWER: FBI denies that it did not acknowledge receipt of Plaintiff's request. FBI admits that as of the date of the Complaint, it had not produced records responsive to this request.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**


H.  **FBI FOIA Request for Contracts**

23. On June 5, 2022, Plaintiff made the following FOIA request to the FBI: "I request copies of contracts between the FBI and any of the following entities: Packet Forensics, Bitvoyant (Bluevoyant), Neustar, Zetalytics, Vostrom Holdings."

**ANSWER: FBI admits that it received a FOIA request from Plaintiff, dated June 6, 2022. FBI respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent with it.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

24. Plaintiff has not yet received an acknowledgment concerning this request for records. As of August 25, 2022, Plaintiff has not received responsive documents from the FBI relating to this FOIA request.

**ANSWER: FBI denies that it did not acknowledge receipt of Plaintiff's request. FBI admits that it has not produced documents responsive to this request—it**

**administratively closed the request by letter dated June 21, 2022, because the request did not reasonably describe the records sought.**

**DOD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## Count 1

### (Defendants' Violation of FOIA, 5 U.S.C. § 552)

25. Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:  Defendants incorporate their responses to paragraphs 1 through 24 as though fully set forth herein.**

26. Defendants are agencies subject to the production requirements of FOIA.

**ANSWER:  Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the FOIA applies to them.**

27. Defendants have violated FOIA by failing to produce the records requested by Plaintiff.

**ANSWER:  Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

28. The DOD has purposefully withheld responsive records without alleging a proper exemption.  Moreover, the DOD has unlawfully asserted FOIA exemption (b)(6) to redact the names of e-mail senders and recipients, and to hide the subject matters of e-mail correspondence.  The DOD has further violated FOIA by failing to make a complete determination to Plaintiff's appeal of FOIA number 22-F-0725.

**ANSWER:  Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

29. Plaintiff is being irreparably harmed by Defendants' FOIA violations, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

**ANSWER: Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

### Request for Relief

30. For these reasons, Plaintiff respectfully requests this Court:

    A. Order Defendants to search for any and all records response to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

    B. Order Defendants to produce all records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

    C. Enjoin Defendants from withholding non-exempt records that are responsive to Plaintiff's FOIA requests.

    D. Grant Plaintiff an award of costs and attorneys' fees reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    E. Grant Plaintiff such other relief as the Court deems just and proper.

**ANSWER: Paragraph 30 is a Request for Relief to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.**

### AFFIRMATIVE DEFENSES

Defendants may rely on any or all of the following affirmative defenses in this matter:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

  2. Plaintiff is not entitled to compel the production of records or information exempt from disclosure under FOIA.  *See* 5 U.S.C. § 552(b).

  3. Plaintiff is not entitled to remedies beyond what is provided for under FOIA.  *See* 5. U.S.C. § 552.

  4. Plaintiff has failed to properly exhaust administrative remedies.

  Defendants reserve the right to amend their Answer, and to add affirmative defenses that become known through the course of litigation.

  WHEREFORE, Defendants request that this Court enter judgment in their favor on all of Plaintiff's claims, together with all other relief this Court deems just and equitable under the circumstances.

            MARK A. TOTTEN
            United States Attorney

Dated: November 7, 2022     */s/ Laura A. Babinsky*
            LAURA A. BABINSKY
            Assistant United States Attorney
            P.O. Box 208
            Grand Rapids, MI 49501-0208
            (616) 456-2404
            Laura.Babinsky@usdoj.gov