UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

    *Plaintiff*,

        v.

FEDERAL BUREAU OF INVESTIGATION,

    *Defendant*.

Civil Action No. 22-cv-782 (SJB)

## DECLARATION OF SHANNON R. HAMMER

I, Shannon R. Hammer, declare as follows:

1.    I am currently the Acting Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division, Federal Bureau of Investigation ("FBI"), located in Winchester, Virginia. From January 2024 until April 2025, I held the position of Assistant Section Chief of RIDS. I joined the FBI in October 2006, and prior to becoming the Assistant Section Chief of RIDS, I held the positions of Acting Assistant Section Chief of RIDS; Unit Chief of the National Security and Classification Operations Unit; Unit Chief of a Freedom of Information/Privacy Act ("FOIPA") Operations Unit; and a supervisor in the Initial Processing Operations Unit. In those capacities, I had management oversight for the RIDS national security review program; enterprise declassification review compliance pursuant to Executive Order 13526, and classification reviews for civil and criminal discovery matters; and I oversaw the front-end operations of the FBI's FOIPA program.

2.    In my official capacity as Acting Section Chief of RIDS, I supervise

1

approximately 208 FBI employees, supported by approximately 96 contractors, who staff a total

of eight Federal Bureau of Investigation Headquarters ("FBIHQ") units and two field operational

service center units. RIDS collective mission is to effectively plan, develop, direct, and manage

responses to requests for access to FBI records and information pursuant to the FOIA, 5 U.S.C. §

552, as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the

FOIA Improvement Act of 2016; the Privacy Act of 1974, 5 U.S.C. § 552a; Executive Order

13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and

Presidential and Congressional directives. The statements contained in this declaration are based

upon my personal knowledge, including information provided to me in my official capacity, and

upon conclusions and determinations reached and made in accordance therewith.

    3.      Because of the nature of my official duties, I am familiar with the procedures

followed by the FBI in responding to requests for information from its files pursuant to the

provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.

Specifically, I am familiar with the FBI's handling of Plaintiff's FOIA requests that are the

subject of this litigation which encompass three categories of requested records: FD-302s and

FD-1023s, Emails, and Contract records.[1]

    4.      In response to Plaintiff's FOIA requests, the FBI processed a total of 145 pages of

responsive records subject to the FOIA. Plaintiff is challenging 15 pages withheld in full and the

---

[1] The FBI uses FD-302 forms to record investigative activity, including, although not exclusively, the results of interviews. FD-1023s are forms used by the FBI to record raw, unverified reporting from confidential human sources. FD-1023s merely document that information; they do not reflect the conclusions of investigators based on a fuller context or understanding. Recording this information does not validate it, establish its credibility, or weigh it against other information known or developed by the FBI in its investigations. Plaintiff's request for these documents is specific to named individuals.

FBI's determination to neither confirm nor deny the existence of other requested records.[2]

5.    The FBI submits this declaration in support of Defendant's Motion for Summary Judgment. Part I of this declaration provides the Court with a summary of the administrative history of each of Plaintiff's requests; Part II provides the FBI's justification for neither confirming nor denying the existence of records responsive to Plaintiff's request for FD-302s and FD-1023s, concerning certain third parties, pursuant to FOIA Exemptions 6, 7(C), and 7(D). 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(D); Part III,  in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), provides the FBI's justification for withholding exempt information pursuant to FOIA Exemptions 6, 7(C), and 7(E) within 15 pages of challenged records responsive to Plaintiff's request for emails between Rodney Joffe and an FBI Special Agent concerning certain identified topics. 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E). Part IV provides the FBI's standard justification for assertion of standard *Glomar*[3] responses to certain categories of records pursuant to FOIA Exemptions 1, 3, 7(D), 7(E), and 7(F). 5 U.S.C. § 552(b)(1), (b)(3), (b)(7)(D), (b)(7)(E), and (b)(7)(F).

---

[2] Of the 145 pages reviewed, 29 of these pages were responsive to Plaintiff's request for emails. The remaining 116 pages were responsive to Plaintiff's request for contract records. Within the 29 pages of emails processed, 15 of the pages were withheld in full by the FBI because the emails on those pages were duplicative of other emails released in part within the 29 pages of the emails production. Because Plaintiff has limited his challenges within the processed material to 15 pages withheld in full as duplicates of other processed pages, the FBI's justification for withholding information will instead be based on the withholdings asserted in the original documents, not simply based on the fact they were duplicates.

[3] The term "*Glomar*" refers to the subject of a FOIA request submitted to the CIA. The requester sought information concerning a ship named the *Glomar Explorer* and the CIA refused to confirm or deny its knowledge of the *Glomar* vessel, because to do so would compromise the national security or divulge intelligence sources and methods. Phillippi v. CIA, 655 F.2d 1325 (D.C. Cir. 1981).

**PART I: ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUESTS**

FOIPA REQUEST NO. 1549040-000: REQUEST FOR 302S AND 1023S FOR RODNEY JOFFE,
MANOS ANTONAKAKIS, L. JEAN CAMP, MIKE MCINTIRE OR APRIL LORENZEN
RELATED TO RUSSIA, TRUMP, ALFA, OR DNC
("302 AND 1023 REQUEST")

6.      By electronic FOIA ("eFOIPA")[4] dated June 5, 2022, Plaintiff submitted a FOIA request to the FBI seeking "copies of any 302's or 1023's for Rodney Joffe, Manos Antonakakis, L. Jean Camp, Mike McIntire (NYT), or April Lorenzen during the period of March 1, 2016 through March 1, 2019 that are relevant to Russia, Trump, Alfa bank or the hack of the DNC." Plaintiff advised he was willing to pay up to $100. **(Ex. A.)**

7.      By letter dated June 13, 2022, the FBI acknowledged receipt of Plaintiff's FOIA request dated June 5, 2022, and notified Plaintiff it had assigned it FBI FOIPA Request Number 1549040-000.[5] The FBI also informed Plaintiff that although he submitted his request via the FBI's eFOIPA system, the FBI determined the request was not consistent with the FBI eFOIPA terms of service; therefore, future correspondence would be sent through the mail. Additionally, the FBI informed Plaintiff he could check the status his request and/or contact the FBI with any questions at www.fbi.gov/foia. The FBI advised Plaintiff that if dissatisfied with the FBI's determination, he could appeal the FBI's response to the Department of Justice ("DOJ"), Office of Information Policy ("OIP") within 90 days of its letter, contact the FBI's public liaison, or seek dispute resolution services by contacting the Office of Government Information Services ("OGIS"). **(Ex. B.)**

---

[4] An eFOIPA is an electronic means by which requesters can submit FOIA or Privacy Act requests to the FBI, online, through the FBI's public website, www.FBI.gov.
[5] As a result of an inadvertent administrative oversight, several of the letters sent to Plaintiff included incorrect or overlapping FOIPA reference numbers; therefore, this declaration will primarily address the requests based on their subject matter for consistency.

**8.** By email dated August 7, 2022, Plaintiff contacted the FBI requesting a status update regarding FBI FOIA Request 1549040-0. On August 8, 2022, The FBI provided an email with standard language, stating that the request was currently assigned to the Initial Processing Unit, where an assigned analyst is searching for, retrieving, and reviewing potentially responsive records. Information regarding the multi-track processing system was provided, in addition to the estimated time of completion, based on average processing time was provided. Plaintiff was also provided ways to obtain additional information by going to www.fbi.gov or www.fbi.gov/foia. Questions could be sent to foipaquestions@fbi.gov. If Plaintiff wanted to check the status of his request,  they could go online to vault.fbi.gov by clicking on "Check Status of Your FOI/PA Request" link. The FBI also informed Plaintiff that the correspondence in his request was sent on June 13, 2022. **(Ex. C)**

FOIPA REQUEST NO. 1548979-000: REQUEST FOR EMAILS BETWEEN RODNEY JOFFE AND FBI AGENT TOM GRASSO RELATED TO DEMOCRATIC NATIONAL COMMITTEE, TRUMP, RUSSIA, ETC. ("EMAILS REQUEST")

**9.** By electronic FOIA ("eFOIPA") dated June 5, 2022, Plaintiff submitted a FOIA request to the FBI seeking "all email records between Rodney Joffe and FBI agent Tom Grasso for the period of April 1, 2016 through April 1, 2017 that relate to: DNC, Alfa Server, Trump, Russia, Georgia Tech, April Lorenzen." **(Ex. D.)**

**10.** By letter dated June 13, 2022, the FBI acknowledged receipt of Plaintiff's FOIA request dated June 5, 2022, and notified Plaintiff it had assigned it FBI FOIPA Request Number 1548979-000. The FBI also informed Plaintiff that although he submitted his request via the FBI's eFOIPA system, the FBI determined the request was not consistent with the FBI eFOIPA terms of service and future correspondence would be sent through the mail. The FBI also informed Plaintiff he could check the status of his request and/or contact the FBI with any

questions at www.fbi.gov/foia and if dissatisfied with the FBI's determination, he could appeal

the FBI's response to OIP within 90 days of its letter, contact the FBI's public liaison, or seek

dispute resolution services by contacting OGIS. **(Ex. E.)**

NFP-139344: REQUEST FOR CONTRACTS BETWEEN THE FBI AND VARIOUS ORGANIZATIONS

("CONTRACTS REQUEST")

11.     By electronic FOIA ("eFOIPA") dated June 6, 2022, Plaintiff submitted a FOIA

request to the FBI seeking, "copies of contracts between the FBI and any of the following entities:

Packet Forensics, Bitvoyant (Bluevoayant) Neustar, Zetalytics, Vostrum Holdings." **(Ex. F.)**

12.     By letter dated June 21, 2022, the FBI acknowledged receipt of Plaintiff's FOIA

request and notified Plaintiff the FBI had assigned it NFP-139344. The FBI informed Plaintiff

that because the request did not contain enough descriptive information to permit a search of the

FBI's records, the request was not considered a valid FOIPA request and would be

administratively closed. The FBI provided Plaintiff with examples of specific information that

could assist the FBI with locating potentially responsive records within a reasonable amount of

effort. Further, the FBI informed Plaintiff he could also contact the FBI with any questions on

how to reasonably describe his request by emailing the FBI at foipaquestions@fbi.gov or could

find additional information at www.fbi.gov/foia. Additionally, the FBI advised Plaintiff that if

dissatisfied with the FBI's determination, he could appeal the FBI's response to OIP within 90

days of his letter, contact the FBI's public liaison, or seek dispute resolution services by

contacting OGIS. **(Ex. G.)**

LITIGATION

13.     On August 25, 2022, Plaintiff filed a complaint in the U.S. District Court for the

Western District of Michigan. (ECF No. 1)

THE FBI'S EXEMPTION 6, 7(C), AND 7(D) *GLOMAR* DETERMINATION
IN RESPONSE TO PLAINTIFF'S 302 AND 1023 REQUEST
(FOIPA REQUEST NO. 1549040-000)

14.     By letter dated December 14, 2022, the FBI informed Plaintiff that to the extent
that Plaintiff's request seeks records about 302s or 1023s for Rodney Joffe, Manos Antonakakis,
L. Jean Camp, Mike McIntire, or April Lorenzen, related to Russia, Trump, Alfa or DNC, the
FBI would neither confirm nor deny the existence of such records pursuant to FOIA Exemptions
6 and 7(C). 5 U.S.C. § 552 (b)(6) and (b)(7)(C). The FBI advised that the mere
acknowledgement of the existence of FBI records on third party individuals could reasonably be
expected to constitute an unwarranted invasion of personal privacy. Additionally, the FBI
advised Plaintiff that FOIA exemption 7(D) protects the identity of confidential sources and
information furnished by such sources in criminal law enforcement and national security
investigations, and as such, the FBI cannot confirm or deny that an individual or entity is, or has
ever been, a confidential source. The FBI informed Plaintiff that acknowledgment by the FBI of
whether it does or does not have source-related records about an individual or entity could
reasonably be expected to compromise the identity of a source. Moreover, acknowledgment of
the existence or non-existence of source-related records undermines the very use of confidential
sources as it would discourage cooperation with the FBI in the future. Therefore, the FBI neither
confirms nor denies the existence of records pursuant to FOIA Exemption 7(D). 5 U.S.C. § 552
(b)(7)(D). The FBI advised that this is the FBI's standard response to such requests and should
not be taken to mean that records do or do not, exist. Finally, the FBI informed Plaintiff that if
dissatisfied with the FBI's response, he could contact the FBI's public liaison, seek dispute
resolution services through OGIS, or he could appeal the FBI's determination by writing to OIP,
within 90 days of the FBI's letter. **(Ex. H.)**

THE FBI'S DETERMINATION IN RESPONSE TO "EMAILS REQUEST"
(FOIPA REQUEST NO. 1548979-000)

15.     By letter dated March 1, 2023, the FBI made its first interim release of records to

Plaintiff in response to Plaintiff's request for email records. The FBI advised Plaintiff that based

on the information provided by Plaintiff, the FBI conducted a search of the places reasonably

expected to have records. The FBI informed Plaintiff that it reviewed 29 pages and 1 page was

released in full. The FBI advised that information was exempted pursuant to FOIA Exemptions

6, 7(C), and 7(E). 5 U.S.C. § (b)(6), (b)(7)(C), and (b)(7)(E). Lastly, the FBI advised Plaintiff

that if dissatisfied with the FBI's response, he could appeal in writing to OIP within 90 days of

the FBI's letter, contact the FBI's public liaison, or seek dispute resolution services by contacting

OGIS. **(Ex. I.)**

THE FBI'S DETERMINATION IN RESPONSE TO PLAINTIFF'S "CONTRACTS REQUEST"
(NFP-139344)

16.     The FBI was able to conduct a search for the requested contracts in response to

this request after Plaintiff perfected the request during litigation. *See* ECF No. 17, filed on March

15, 2023. By letter dated June 30, 2023, the FBI advised Plaintiff that 116 pages were sent out

for consultation and no pages were being released at this time.[6] The FBI advised it was awaiting

OGA response and would correspond with Plaintiff regarding this material once the consultation

was completed. The FBI advised Plaintiff that if dissatisfied with the FBI's determination, he

could appeal the FBI's response to OIP within 90 days of the date of its letter, contact the FBI's

---

[6] Although the FBI's letters referenced OGA information, this information was consulted to third
parties for purposes of determining the applicability of Exemption 4. The FBI's standard letters
reference OGA "consultations" and due to an administrative oversight the language was not
tailored to indicated that the consultations made were not to OGAs but rather were made to third
parties. However, the Parties' Joint Status Report dated June 14, 2023 (ECF No. 19) indicated
that these consultations were to third parties.

public liaison, or seek dispute resolution services by contacting OIGS. **(Ex. J.)**

17.     By letter dated August 31, 2023, the FBI advised Plaintiff that based on the information provided, the FBI conducted a main entity search of the Central Records System per the FBI's standard search policy. The FBI informed Plaintiff that 67 pages of the previously consulted material was returned to the FBI and all 67 pages were being withheld in full pursuant to FOIA Exemptions 1, 3, 4, 6, 7(C), and 7(E). 5 U.S.C. § (b)(1), (b)(3), (b)(4), (b)(6), (b)(7)(C), and (b)(7)(E). The FBI advised Plaintiff that if dissatisfied with the FBI's determination, he could appeal the FBI's response to OIP within 90 days of the date of its letter, contact the FBI's public liaison, or seek dispute resolution services by contacting OGIS. **(Ex. K.)**

18.     By letter dated May 31, 2024, the FBI advised Plaintiff that it had completed its review of records and determined that 49 pages were withheld in full because they were exempt pursuant to FOIA Exemptions 1, 3, 4, 6, 7(C), and 7(E).[7] 5 U.S.C. § (b)(1), (b)(3), (b)(4), (b)(6), (b)(7)(C), and (b)(7)(E). The FBI advised Plaintiff that if dissatisfied with the FBI's response, he could appeal the FBI's response to OIP within 90 days of the date of its letter, contact the FBI's public liaison, or seek dispute resolution services by contacting OGIS. **(Ex. L.)**

19.     On October 9, 2024, the Plaintiff provided a letter to the FBI requesting that the FBI reconsider certain responses. The FBI determined that no additional information could be provided in response to Plaintiff's requests for 302s and 1023s; however, the FBI agreed to re-review the email and contract records. As part of the FBI's re-review of the contract records, the FBI reached out to the relevant third party companies having information within the records protected by Exemption 4 to determine if any additional information could be released. *See* Joint Status Report dated April 21, 2025. (ECF No. 42.)

---

[7] The 49 pages were the remainder of the 116 consulted pages described at Exhibit I.

REPROCESSING OF EMAILS (REQUEST NO. 1548979-000)

20.    By letter dated March 3, 2025, the FBI advised Plaintiff of the result of its

reprocessing of the 29 pages of responsive email records.[8] The FBI advised that 14 of these

pages were being released in part and that certain information was withheld pursuant to FOIA

Exemptions 6, 7(C), and 7(E).[9] 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E). The FBI advised

Plaintiff that if dissatisfied with the FBI's response, he could appeal the FBI's response to OIP

within 90 days of the date of its letter, contact the FBI's public liaison, or seek dispute resolution

services by contacting OGIS. **(Ex. M.)**

REPROCESSING OF CONTRACT MATERIAL (REQUEST NO. NFP-139344)

21.    By letter dated July 31, 2025, the FBI advised Plaintiff of the results of its re-

review of contract materials, informing Plaintiff that it re-processed 49 pages.[10]  The FBI advised

that 49 pages were reviewed and withheld in full pursuant to FOIA Exemptions 1, 3, 6, 7(C), and

7(E), 5 U.S.C. § 552 (b)(1), (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E). The FBI also advised Plaintiff

that if dissatisfied with the FBI's response, he could appeal to OIP within 90 days of the date of

its letter, contact the FBI's public liaison, or seek dispute resolution services by contacting

OGIS. **(Ex. N.)**

---

[8] The FBI inadvertently cited FBI FOIA Request No. 1116575-000 as the corresponding FOIA case, which the emails were previously processed in response to that FOIA case. The FBI should have listed this as 1549040-000. These pages are further identified as Bates pages FBI(22-cv-782)-1 through 29.
[9] The FBI released fourteen pages in part, and withheld fifteen pages in full because they were duplicates of other processed pages.
[10] The reprocessed pages are identified as Bates pages FBI(22-cv-782)-40 through 54, 62 through 70, 78 through 83, 92 through 106, and 119-122.

**PART II: THE FBI'S ASSERTION OF THE EXEMPTION 6, 7(C), AND 7(D) GLOMAR
IN RESPONSE TO PLAINTIFF'S 302 AND 1023 REQUEST
(FOIPA REQUEST NO. 1549040)**

22.     The FBI determined that it could neither confirm nor deny the existence of

records responsive to Plaintiff's request for 302s and 1023s concerning Rodney Joffe, Manos

Antonakakis, L. Jean Camp, Mike McIntire (NYT), or April Lorenzen for two reasons. First, the

mere acknowledgment of the existence or non-existence of FBI investigative forms related to

these individuals is exempt pursuant to FOIA Exemptions 6, 7(C), and 7(D), because disclosure

of the existence or non-existence would be an invasion of the personal privacy of these

individuals by associating them with an FBI investigation. Second, because FD-1023 and, on

occasion, FD-302 forms, are used to document information provided by confidential human

sources ("CHSs"), disclosure of the existence or non-existence of these records in connection

with these individuals would divulge whether such individuals acted as confidential human

sources for the FBI.

EXEMPTION 7 THRESHOLD

23.     Before an agency can invoke any of the harms enumerated in Exemption 7, it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes. Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as

implemented by the Attorney General's Guidelines for Domestic FBI Operations ("AGG-

DOM"), and 28 C.F.R. § 0.85, the FBI is the primary investigative agency of the federal

government with authority and responsibility to investigate all violations of federal law not

exclusively assigned to another agency, to conduct investigations and activities to protect the

United States and its people from terrorism and threats to national security, and to further the

foreign intelligence objectives of the United States.

24.     Since it is the FBI's policy not to conduct a search for responsive records under *Glomar* circumstances, there is no specific statutory investigative authority for compiling the records to cite here. However, given that FBI uses FD-302 forms to record investigative activity, and FD-1023s to record raw, unverified reporting from confidential human sources, should any of these documents exist with regard to any of the named third parties, they would necessarily have been collected and maintained by the FBI as part of its law enforcement mission, and would readily meet the threshold requirement of Exemption 7.

PRIVACY *GLOMAR*

25.     The FBI relies on a *Glomar* response in instances where, if responsive records existed, even acknowledging their existence would result in harm protected against by one or more FOIA exemptions. To be credible and effective, the FBI must use a *Glomar* response in all similar cases regardless of whether responsive records exist, including instances in which the FBI does not possess records responsive to a particular request. If the FBI were to invoke a *Glomar* response only when it actually possessed responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist.

26.     The FBI has determined that merely acknowledging the existence or non-existence of records responsive to Plaintiff's request for investigative records concerning third parties named in Plaintiff's request, would trigger harm under FOIA Exemptions 6 and 7(C).

*FBI Policy for Processing Requests for Third Party Records*

27.     The FBI's longstanding policy has been to provide an Exemption 6 and 7(C) *Glomar* response ("Privacy *Glomar*"),[11] neither confirming nor denying the existence or non-

---

[11] 5 U.S.C. § 552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Similarly, 5 U.S.C. § 552(b)(7)(C) exempts from disclosure "records or information compiled for

existence of law enforcement records, in those instances where an individual seeks access to information regarding a third party, unless the requester establishes a significant public interest in disclosure that outweighs the third party's privacy interests. The FBI instituted this policy to protect the privacy rights of all individuals particularly those that may appear in FBI law enforcement files. It is well-recognized that individuals have substantial privacy interests in relation to being associated with law enforcement investigations, because any such association, or allegation can engender comment, speculation, or harassment; can be embarrassing and stigmatizing; and can, in some circumstances, result in physical harm or threats of harm or death. Statements by an individual alluding to or acknowledging an association with a law enforcement investigation do not extinguish the privacy interests of the third party or constitute a waiver of the third party's privacy interests.

28.    If a requester establishes that disclosure would serve a public interest under the FOIA, then the FBI balances that public interest against the third party's privacy interests. This balancing is done on a case-by-case basis. The FBI will process a request for and release non-exempt law enforcement records about a third party only if it determines that a significant public interest outweighs that individual's privacy interests after conducting the balancing analysis.

29.    For purposes of Exemptions 6 and 7(C), a public interest exists when disclosure of information about an individual would significantly increase the public's understanding of

---

law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard, and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions are sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under the analysis of both exemptions.

FBI operations and activities. The balancing of interests under Exemptions 6 and 7(C) also considers the privacy interests of individuals implicated in a FOIA request. The balancing analysis in each case is necessarily fact specific. Thus, each request must be treated individually, and the FBI must retain flexibility in the way in which it handles each request.

30.    Here, Plaintiff has not: 1) submitted a privacy waiver from the third party individuals; 2) provided proof of death of any of the third parties, as described in the regulation at 28 C.F.R. § 16.3(a); or 3) demonstrated a significant public interest in disclosure of the alleged material sought.

31.    The FBI issued a privacy *Glomar* to protect the privacy interests concerning the individuals identified in Plaintiff's FOIA request. Here, Plaintiff is seeking records that, should they exist, would provide confirmation that such individuals were associated or acted as confidential human sources by providing non-public information during an FBI interview or provided confidential source reporting information. Official confirmation could reasonably be expected to draw negative and unwanted attention to these individuals; could subject them to harassing inquiries and otherwise stigmatize and adversely affect them. Plaintiff failed to provide any information to articulate a public interest in disclosure under the FOIA. As such, the substantial privacy interests of these third party individuals outweigh the non-existent public interest in disclosure.

32.    In sum, Plaintiff provided no third party waiver or proof of death for the third party individuals on whom he requested information. Plaintiff has not articulated a significant public interest in disclosure that would outweigh the substantial privacy interest of these third parties. Therefore, in response to Plaintiff's request for 302s and 1023s of these specific individuals, the FBI asserted a privacy *Glomar* pursuant to FOIA Exemptions 6 and 7(C).

14

Finally, when the FBI asserts a privacy *Glomar*, it is policy not to conduct a search for alleged responsive records because the nature of the requested records alone prohibits acknowledgement and disclosure.

### CONFIDENTIAL HUMAN SOURCE RECORDS *GLOMAR*

33.      Similar to the FBI's Privacy *Glomar,* the FBI can neither confirm nor deny the existence of unacknowledged records or information compiled for law enforcement purposes, concerning the identity of, information provided by, or the use of an unacknowledged CHS in the context of a specific investigation because such information is exempt pursuant to FOIA Exemption 7(D). 5 U.S.C. § 552(b)(7)(D).

### *FOIA Exemption 7(D)*

34.      Exemption 7(D) protects records or information compiled for law enforcement purposes when disclosure "could reasonably be expected to disclose the identity of a confidential source, including a state, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

35.      In response to a request for records that would identify an individual as a confidential human source, the FBI can neither confirm nor deny the existence of any such records, without proof that the individual was officially confirmed to be an FBI CHS by the FBI or DOJ. Accordingly, the FBI relies on a standard *Glomar* response pursuant to FOIA Exemption 7(D) so as not to acknowledge the existence or non-existence of such records. Doing otherwise jeopardizes the FBI's confidential sources and CHS program. If the FBI responded substantively

15

when the individual is not, in fact, a CHS, but refused to confirm whether responsive records exist when the individual is a source, the harm from such disclosure is two-fold. First, disclosure would endanger FBI CHSs as the FBI's FOIA responses would create a pattern whereby criminals could easily discern who is and is not an FBI CHS. This would expose FBI CHSs to reprisal, in many forms, by those on whom they provided information and others who may think negatively of their cooperation with the FBI. Second, it would indicate an unwillingness on the part of the FBI to take appropriate measures to ensure the safety and confidentiality of its CHSs. This would dissuade current and future sources from providing critical, law enforcement relevant information to the FBI. Accordingly, the FBI must rely on a *Glomar* response in any instance in which a requester seeks records on an individual where the context of the request, as here when a requester seeks source reporting forms that would identify that individual as a CHS.

36.    In requests seeking records on an individual, where the requester has not provided any documentation to suggest that the FBI has officially acknowledged that the individual is a CHS, the FBI must refuse to confirm or deny whether or not responsive records exist. The FBI does this in any instance when records about an unacknowledged CHS could be implicated, to prevent harm to CHSs individually and to the CHS program overall.

### PART III: JUSTIFICATION FOR NON-DISCLOSURE OF RECORDS RESPONSIVE TO PLAINTIFF'S EMAILS REQUEST (FOIPA REQUEST NO. 1548979-000)
#### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

37.    The FBI processed all records responsive to Plaintiff's Emails Request to achieve maximum disclosure consistent with the access provisions of the FOIA. Every effort was made to provide Plaintiff with all reasonably segregable, non-exempt information. The FBI did not withhold any reasonably segregable, nonexempt portions from Plaintiff. Further description of the information withheld, beyond what is provided in this declaration, could reveal the actual

16

exempt information or would employ finite resources only to produce disjointed words, phrases, or sentences, that would have minimal or no informational content. The FBI withheld information within the narrowed scope of email records pursuant to FOIA Exemptions 6, 7(C), and 7(E), as further described below.

BATES NUMBERING, JUSTIFICATION CODES, AND INDEX

38.     _Bates Numbering & Index:_ The FBI numbered all pages of its production in response to Plaintiff's Emails Request consecutively as Bates pages 22-cv-782-1 through 22-cv-782-29. Plaintiff narrowed his challenges in the Emails Request to 15 withheld in full pages. Because these pages were withheld in full as duplicates of other pages released in full or part in response to the Emails Request, the FBI has included as an exhibit to this declaration an index that identifies the 15 pages that the FBI withheld in full, the location of the original email, and has listed the justifications applied to withhold that information on the original page. **(Ex. O.)** The index provides a description of each document withheld in full (and the corresponding original document) and indicates the specific FOIA exemptions asserted on each page of the original processed email.

39.     _Justification Codes:_ On the Bates-numbered pages provided to Plaintiff and on pages withheld in full or part and accounted for in the FBI's index, the FBI further categorized its application of exemptions to better explain the nature of the information withheld pursuant to the provisions of the FOIA. Particularly, the FBI applied numerical codes that coincide with specific categories of exempt information. This declaration and index demonstrate that all information withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions or is so intertwined with non-exempt information that segregation is not possible without revealing the underlying exempt information.

17

40.     Each instance of information withheld pursuant to a FOIA exemption is accompanied by a coded designation that corresponds to one of the categories listed below.[12] For example, if "(b)(7)(C)-1" appears on a page, the "(b)(7)(C)" designation refers to FOIA Exemption 7(C) protecting against unwarranted invasions of personal privacy. The numerical designation "1" following "(b)(7)(C)" narrows the main category into a more specific subcategory, such as "Names of FBI Professional Staff."

| SUMMARY OF EXEMPTION JUSTIFICATION CATEGORIES | |
| --- | --- |
| CODED CATEGORIES | INFORMATION WITHHELD |
| Exemptions 6 & 7(C) | Clearly Unwarranted/Unwarranted Invasion of Personal Privacy |
| (b)(6)-1 & (b)(7)(C)-1 | Name of FBI Professional Staff |
| (b)(6)-2 & (b)(7)(C)-2 | Names and Identifying Information of Third Parties who Provided Information |
| (b)(6)-3 & (b)(7)(C)-3 | Names of Third Parties Merely Mentioned |
| Exemption 7(E) | Law Enforcement Techniques and Procedures |
| (b)(7)(E)-4 | Collection/Analysis of Information |

EXEMPTION 7 THRESHOLD

41.     Before an agency can invoke any of the harms enumerated in Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM) and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence

---

[12] The FBI has implemented standard codes for justification categories. Not all codes are applicable in each FOIA litigation; therefore, the codes in the below "Summary of Exemption Categories" chart may not be sequential if certain codes are not relevant to the records at issue.

18

objectives of the United States. Under this investigative authority, the responsive records herein were compiled for the following specific law enforcement purpose:

42.     The records at issue were compiled in furtherance of the FBI's investigation into cybercrimes involving the Pony Loader spyware/malware and the FBI's work with victims, including collection and analysis of victim data to prevent future attacks. Considering these records were compiled to document the FBI's investigation of potential cybercrime, cyber security threats to national security, and in furtherance of the FBI's investigation into Pony Loader, the FBI determined they were compiled for law enforcement purposes.

FOIA EXEMPTIONS (B)(6) AND (B)(7)(C)
UNWARRANTED INVASION OF PERSONAL PRIVACY

43.     Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6.

44.     Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[13]

45.     When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any

---

[13] The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under both exemptions.

public interest in disclosure. In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose name and/or identifying information appears in the documents at issue. When withholding the information, the individual's privacy interest was balanced against the public's interest in disclosure. For purposes of these exemptions, a public interest exists only when information about an individual, their name, or their identifying information[14] would shed light on the FBI's performance of its mission to protect the American people and uphold the Constitution of the United States, and its function to: protect the United States from terrorist attack; protect the United States against foreign intelligence, espionage, and nefarious cyber operations; combat significant criminal cyber activity, public corruption, transnational criminal enterprises, white-collar crime, and violent crime; and protect civil rights. In each instance wherein information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy interests outweighed any public interest in disclosure.

46.     Furthermore, considering privacy concerns are typically obviated once an individual is deceased,[15] when processing FOIPA requests, the FBI takes several steps to ascertain the current life/death status of the individuals whose names are withheld. The FBI uses the birth date and/or the date of the investigation to determine whether an individual is living or deceased, to the extent either or both of these pieces of information are discernable from the file. The date of birth is used to apply the judicially recognized "100-year rule," i.e., if the individual was born more than 100 years ago, the FBI presumes that he or she is dead and the name is

---

[14] Hereafter, identifying information includes the following: telephone numbers, and email addresses.
[15] In some circumstances, surviving relatives of a deceased individual retain privacy interests in their information, even after the individual's death. *See generally National Archives v. Favish*, 124 S. Ct. 1570 (2004).

released. The FBI also uses institutional knowledge gained from prior FOIA requests or internal

records. By using institutional knowledge, the FBI can identify with sufficient certainty the

life/death status of certain individuals. If the FBI is unable to determine the life/death status of an

individual through the use of these methods, the name of the individual is withheld pursuant to

Exemptions 6 and 7(C), when it finds disclosure would constitute an unwarranted invasion of

those individuals' privacy should they still be living, and no public interest would be served in

releasing the names. It is also the FBI's policy to release names of high-ranking FBI officials as

well as individuals in public positions, as they have diminished privacy rights while acting in

their official capacity. This policy is applied to the individual's position at the time of the

document, and not the present.

*(b)(6)-1 and (b)(7)(C)-1: Name of FBI Professional Staff*

47.    Within Exemption category (b)(6)-1 and (b)(7)(C)-1, the FBI withheld the name

of an FBI professional staff employee. The FBI professional staff employee was responsible for

conducting and/or maintaining administrative activity related to victims of the Pony Loader

incident reflected in the documents responsive to Plaintiff's requests.[16] These responsibilities

included, but are not limited to, the following: coordinating tasks in support of the FBI's

investigative and administrative functions, and/or compiling information,

48.    The FBI withheld the names of an FBI professional staff employee pursuant to

---

[16] According to a June 16, 2020, Health Sector Cybersecurity Coordination Center (HC3) Sector Note by the United States Department of Health and Human Services dated June 16, 2020, (Report 202006161330), "Pony malware, also known as Fareit, is a growing threat to the Healthcare and Public Health (HPH) sector. The Sector Note indicates that it is classified by Trend Micro as a Trojan-Spyware and "is primarily used to steal user and File Transfer protocol credentials and passwords, download other payloads, and bring compromised systems into a botnet." *See* https://www.hhs.gov/sites/default/files/pony-fareit-malware.pdf (last accessed August 15, 2025).

Exemptions 6 and 7(C). This FBI professional staff employee was assigned to handle a task related to victims of the Pony Loader investigation. Similar to FBI SAs, these FBI employees could be targeted for reprisal based on their involvement in specific investigative activities. Furthermore, this FBI professional staff was, and possibly is, in a position of access to information regarding official law enforcement investigations and therefore could become targets of harassing inquiries for unauthorized access to investigations if their identity was released. Thus, this individual maintains substantial privacy interest in not having their identity disclosed. In contrast, the FBI concluded that no public interest would be served by disclosing the identity of this FBI professional staff employee to the public because their identity would not, individually, significantly increase the public's understanding of the FBI's operations and activities. Accordingly, after balancing these professional staff employee's substantial privacy interests against the non-existent public interest, the FBI determined disclosure of their identity would constitute a clearly unwarranted invasion of their personal privacy. Therefore, the FBI properly withheld the name of an FBI professional staff employee pursuant to Exemptions 6 and 7(C).

### (b)(6)-2 and (b)(7)(C)-2: Names and Identifying Information of Third Parties who Provided Information

49.    In Exemption category (b)(6)-2 and (b)(7)(C)-2, the FBI withheld the names and identifying information of third party individuals who provided information by email to the FBI during its investigation of Pony Loader. The identifying information of, and information provided by, these third party individuals appear within the FBI's files because these individuals willingly divulged information relevant to FBI investigative efforts. These individuals were not of investigative interest to the FBI. Plaintiff has not provided a privacy waiver from the third parties authorizing release of their information, nor has Plaintiff supplied proof of death;

therefore, these individuals maintain substantial and legitimate privacy interests in not having their cooperation or connection to FBI law enforcement matters disclosed. Considering the FBI is an investigative and intelligence agency, disclosure of these individuals' names in connection with FBI records carries an extremely negative connotation.

50.    Disclosure of the identities of individuals who willingly provide information to the FBI could subject these individuals to harassment or embarrassment, undue public attention, and/or unwanted inquiries for information related to their assistance. They could also be targeted for retaliation by investigative subjects or by those who simply disparage cooperation with law enforcement. Exposure of a third party's cooperation with law enforcement could also lead to legal or economic detriment, negative professional and social repercussions, possible physical harm, or even death. Thus, the FBI has determined these individuals maintain substantial privacy interests in not having their identities disclosed.

51.    In contrast, the FBI could identify no public interest in the disclosure of this information because disclosure of these individuals' names would not shed light on or significantly increase the public's understanding of the operations and activities of the FBI. The FBI concluded the non-existent public interest here was insufficient to override theses individuals' substantial privacy interests; therefore, the FBI properly protected these individuals' privacy interests pursuant to Exemptions 6 and 7(C).

*(b)(6)-3 and (b)(7)(C)-3: Names of Third Parties Merely Mentioned*

52.    In Exemption category (b)(6)-3 and (b)(7)(C)-3, the FBI withheld the names of third parties who were merely mentioned in the investigative records responsive to Plaintiff's request. The FBI has information about these third parties in its files because these individuals were tangentially mentioned in conjunction with FBI investigative efforts. These individuals

were not of investigative interest to the FBI. These third parties maintain substantial and

legitimate privacy interests in not having this information disclosed and thus, being connected

with an FBI law enforcement matter. Considering the FBI is an investigative and intelligence

agency, disclosure of these third parties' names in connection an FBI investigation carries an

extremely negative connotation. Disclosure of their identities would subject these individuals to

possible harassment or criticism and focus derogatory inferences and suspicion on them. The FBI

then considered whether there was any public interest that would override these privacy interests

and concluded that disclosing information about individuals who were merely mentioned in an

FBI investigative file would not significantly increase the public's understanding of the

operations and activities of the FBI. Accordingly, the FBI properly protected these individuals'

privacy interests pursuant to FOIA Exemptions 6 and 7(C).

EXEMPTION (B)(7)(E) INVESTIGATIVE TECHNIQUES AND PROCEDURES

53.    FOIA Exemption (b)(7)(E) provides protection for:

> law enforcement records [which]…would disclose techniques and procedures for
> law enforcement investigations or prosecutions, or would disclose guidelines for
> law enforcement investigations or prosecutions if such disclosure could reasonably
> be expected to risk circumvention of the law.

5 U.S.C. § 552(b)(7)(E).

54.    The FBI asserted Exemption 7(E) to withhold information from these records, the

release of which would disclose techniques and/or procedures for law enforcement investigations

or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions

if such disclosure could reasonably be expected to risk circumvention of the law.

55.    Within the responsive documents, the FBI applied Exemption 7(E) to non-public

investigative techniques and procedures utilized by the FBI to pursue its law enforcement

mission, and also to non-public details about techniques and procedures that are otherwise

known to the public.  Specifically, the FBI asserted Exemption 7(E) to protect non-public methods of collection and analysis of information the FBI uses in its detection and prevention of cybercrimes.

*(b)(7)(E)-4: Collection/Analysis of Information*

56.    In Exemption category (b)(7)(E)-4, the FBI protected non-public methods the FBI uses to collect and analyze information it obtains for investigative purposes. The release of this information would disclose the identity of methods used in the collection and analysis of information related to the spyware/malware incident and identification of victims, including how and from where the FBI collects information and the methodologies employed to analyze it once collected. These methods are still in use today.

57.    Disclosures would enable subjects of FBI cyber investigations to circumvent the FBI's use of these or similarly used techniques. The relative utility of these techniques could be diminished if the actual techniques used for detection of cybercrimes were released in this matter. This in turn would facilitate the accumulation of information by investigative subjects regarding the circumstances under which the specific techniques were used or requested and the usefulness of the information obtained. Release of this type of information would enable criminals to educate themselves about the techniques employed for the collection and analysis of information and therefore allow these individuals to take countermeasures to circumvent the effectiveness of these techniques and to continue to violate the law and engage in intelligence, terrorist, and criminal activities. Accordingly, the FBI has properly withheld this information pursuant to FOIA Exemption 7(E).

## FORESEEABLE HARM STANDARD

58.    The FOIA Improvement Act of 2016 generally adopted the *foreseeable harm standard* and made it statutory, advising that agencies shall withhold information under the

FOIA only if the agency reasonably foresees that disclosure would harm an interest protected by

an exemption or disclosure is prohibited by law. Accordingly, the FBI's analysis of records

responsive under the FOIA is a two-part process. First, the FBI determines whether a record is

exempt pursuant to one or more FOIA exemptions. Second, if the record is exempt pursuant to

one or more FOIA exemptions, the FBI then considers whether foreseeable harm would result

from disclosure of the record or portion thereof. For the withheld records at issue here, the FBI

conducted this two-part analysis and only withheld records or portions of records where it

determined the withheld record or portion met both of these criteria. The FBI's foreseeable harm

is more fully described within each of the above coded exemption justification categories.

SEGREGABILITY

59.     As discussed in ¶ 4 *supra*, the Plaintiff narrowed his challenges concerning his

Emails Request to 15 withheld in full pages. Following its segregability review, RIDS

determined 15 pages required withholding in their entirety because they were duplicates of pages

accounted for elsewhere and released in full or part within the FBI's production. It is the FBI's

standard practice not to process duplicate pages, as doing so expends finite processing resources

with a net result of no additional information being released to requesters. The FBI took the extra

step of justifying the information withheld on the original pages and determined after its line-by-

line review that no further information could be segregated for release without causing harms

protected against by the cited exemptions.

**PART IV:  THE FBI'S STANDARD *GLOMAR* RESPONSES**

60.     The FBI relies on a *Glomar* response to FOIPA requests when acknowledging the

existence or non-existence of certain categories of responsive records would result in harm to an

interest protected by one or more FOIA exemptions.  To be credible and effective, the FBI must

26

assert a *Glomar* response regardless of whether responsive records exist (i.e., including when the FBI does not possess responsive records). If the FBI invoked a *Glomar* response only when it possesses responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist. This is especially important because the FBI serves dual functions as the country's main internal intelligence agency and a federal law enforcement agency.

61.     Non-individuals: To the extent a request for records on a non-individual may implicate classified or unclassified intelligence records and acknowledging the existence or non-existence of such records would harm an interest protected by the FOIA, a *Glomar* response pursuant to Exemptions 1 and/or 3, in conjunction with the National Security Act of 1947 [5 U.S.C. §§ 552(b)(1), (b)(3) and/or 50 U.S.C. § 3024(i)(1)], as applicable, is asserted.

62.     Individuals: To the extent a request for records implicates unacknowledged records concerning an individual, the FBI also asserts the above *Glomars* pursuant to Exemptions 1 and 3, in conjunction with the National Security Act of 1947 [5 U.S.C. §§ 552(b)(1), (b)(3) and/or 50 U.S.C. § 3024(i)(1)], as applicable. The FBI also asserts several other *Glomar* responses to requests on individuals. First, pursuant to Exemption 3, in conjunction with 18 U.S.C. § 3521(b)(1)(G), the FBI can neither confirm nor deny the existence of records which could identify a participant in the Witness Security Program. Second, pursuant to Exemption 7(E) the FBI can neither confirm nor deny the existence of an individual's name on a watch list. Finally, pursuant to Exemptions 7(D), 7(E), and 7(F), the FBI can neither confirm nor deny the existence of unacknowledged records or information concerning the use of confidential human sources in the context of a specific investigation.

63.     As previously noted, to be credible and effective, the FBI must assert a *Glomar* response regardless of whether responsive records exist (i.e., including when the FBI does not

possess responsive records). If the FBI invoked a *Glomar* response only when it possesses responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist. The FBI includes an addendum with each response letter which informs the requester of the FBI's standard *Glomar* position as to certain types of records, and further advises that the inclusion of the standard addendum is not an indication that records do or do not exist.  Consistent with this process, the FBI incorporates by reference the standard justification for these *Glomar* responses as an exhibit to the FBI's public declarations, whether such records do or do not exist.  **(Ex. P.)**

## CONCLUSION

64.     The FBI performed adequate and reasonable searches for records responsive to Plaintiff's Email Request and Contract Request. The FBI processed all such records, and released all reasonably segregable non-exempt information from the documents responsive to Plaintiff's Email and Contract FOIA requests that are subject to FOIA. The FBI processed the records under the access provisions of the FOIA to achieve maximum disclosure.  Plaintiff narrowed the challenges within his Email Request and Contract Request to 15 pages withheld in full as duplicates of other processed pages in the production. The FBI reviewed the processed released in full or part pages, and determined that the information was properly withheld pursuant to FOIA Exemptions 6, 7(C), and 7(E). The FBI carefully examined the documents and determined the information withheld from Plaintiff's in this case, if disclosed could cause a clearly unwarranted invasion of personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy; and/or would disclose techniques and procedures for law enforcement investigations. After extensive review of the documents at issue, the FBI determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information. Additionally, as to Plaintiff's request

regarding FD 302s and 1023s, the FBI issued an Exemption 6, 7(C), and 7(D) *Glomar* response,

neither confirming nor denying the existence of such records in order to protect the privacy

interests of the third parties and to prevent harm to the FBI's informant program and/or CHSs,

should such records exist.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing, and

Exhibits A through P are true and correct copies.

HAMMER.SHANN    Digitally signed by
ON.R.J62J56T23    HAMMER.SHANNON.R.J62J56T23
                  Date: 2025.09.02 16:17:55 -04'00'

_____

SHANNON R. HAMMER
Acting Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

    Plaintiff,

            v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 22-cv-782 (SJB)

# Exhibit A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2022-06-05T20:41:19.466294+00:00 Status: pending Message:



## Individual Information

| | |
|---|---|
| **Prefix** | Mr. |
| **First Name** | Ryan |
| **Middle Name** | |
| **Last Name** | Milliron |
| **Suffix** | |
| **Email** | ▆▆▆▆▆▆▆ |
| **Phone** | ▆▆▆ |
| **Location** | United States |

## Domestic Address

| | |
|---|---|
| **Address Line 1** | ▆▆▆▆ |
| **Address Line 2** | |
| **City** | ▆▆ |
| **State** | Michigan |
| **Postal** | ▆ |

## Agreement to Pay

| | |
|---|---|
| **How you will pay** | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |

Allow up to $ [ 100 ]

## Non-Individual FOIA Request

**Request Information**    I request copies of any 302's or 1023's for &#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;,
&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608; during the period of
March 1, 2016 through March 1, 2019 that are relevant to Russia, Trump, Alfa
bank, or the hack of the DNC.

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit B**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 13, 2022

MR. RYAN 

FOIPA Request No.: 1549040-000
Subject: FD 302s and 1023s for ████████
████████████████ related to
Russia, Trump, Alfa Bank or DNC
(March 1, 2016 – March 1, 2019)

Dear Mr. Milliron:

       This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

- ☑     Your request has been received at FBI Headquarters for processing.

- ☑     You submitted your request via the FBI's eFOIPA system.

  - ☐     We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

  - ☑     We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be sent through standard mail.

- ☐     The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

- ☐     Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

- ☐     Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit C**

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Tuesday, August 19, 2025 11:35 AM |
| **To:** | ████████████████ |
| **Subject:** | FW: [EXTERNAL EMAIL] - Fwd: eFOIA Request Received |

---

**From:** FOIPAQUESTIONS
**Sent:** Monday, August 8, 2022 7:03 AM
**To:** Ryan Milliron ██████████████████
**Subject:** RE: [EXTERNAL EMAIL] - Fwd: eFOIA Request Received

Good morning,

Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request, FOIA 1549040-000.   A review of your request has determined the following:

The request is presently in Initial Processing, where the assigned analyst is searching for, retrieving and reviewing potentially responsive records.

Requests are processed in the order in which they are received through our multi-track processing system.  Requests are divided into two primary tracks--simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents).  Complex requests are further divided into medium, large, and extra-large sub-tracks based upon request size.  Simple track requests typically require the least amount of time to process.  Currently, simple track cases average approximately 98 days from the date of receipt for processing.  Our complex requests in the medium processing track are currently averaging 947 days, large processing track are currently averaging approximately 2,011 days, and extra-large processing track are currently averaging 2,360 days for processing.

The search for responsive records is ongoing for your request, so we do not yet know into which track it will fall.  The estimated date of completion is therefore based on the average processing time of complex requests in the large processing track.  Accordingly, the estimated date on which the FBI will complete action on your request is 1,929 days from the date the FBI opened your request.  Once the search has been completed, you may request an updated estimated date of completion.

Additional information regarding the Freedom of Information Act/Privacy is available at http://www.fbi.gov/ or http://www.fbi.gov/foia/.  If you require additional assistance please contact foipaquestions@fbi.gov.

Please check the status of your request online at http://vault.fbi.gov by clicking on the "Check Status of Your FOI/PA Request" link.   Status updates are performed on a weekly basis.  If your request does not yet appear in the system, please check back later in the week.

Correspondence in response to your request was mailed to you on June 13, 2022.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive

Winchester, VA  22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps    Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

---

**From:** Ryan Milliron ███████████████████
**Sent:** Sunday, August 7, 2022 10:16 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Subject:** [EXTERNAL EMAIL] - Fwd: eFOIA Request Received

This FOIA as well...I have gotten no acknowledgement letter.
When can I expect the records?

---------- Forwarded message ---------
From: <efoia@subscriptions.fbi.gov>
Date: Sun, Jun 5, 2022 at 4:41 PM
Subject: eFOIA Request Received
To: ███████████████████

# Individual Information

Prefix Mr. **First Name** Ryan **Middle Name** [ ███████████ ] **Last Name** Milliron **Suffix** [ ██████████ ] **Emai**███████████████████
██████ **Location** United States

# Domestic Address

**Address Line 1** ████████████ **Address Line 2** [ ██████ ] **City** ██████ **State** Michigan **Postal** ██████

# Agreement to Pay

#### How you will pay

I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below.

**Allow up to $** 100

# Non-Individual FOIA Request

#### Request Information

I request copies of any 302's or 1023's for ██████████████████████,

2

```
███████████████████████████████████ during the period of

March 1, 2016 through March 1, 2019 that are relevant to Russia, Trump, Alfa

bank, or the hack of the DNC.
```

**

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

**

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

      Plaintiff,

           v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Civil Action No. 22-cv-782 (SJB)

# Exhibit D

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2022-06-05T20:53:52.096332+00:00 Status: pending Message:



## Individual Information

| | |
|---|---|
| Prefix | Mr. |
| First Name | Ryan |
| Middle Name | |
| Last Name | Milliron |
| Suffix | |
| Email | ███████████ |
| Phone | ██████ |
| Location | United States |

## Domestic Address

| | |
|---|---|
| Address Line 1 | ██████ |
| Address Line 2 | |
| City | ████ |
| State | Michigan |
| Postal | ██ |

## Agreement to Pay

| | |
|---|---|
| How you will pay | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |

Allow up to $    100

# Non-Individual FOIA Request

**Request Information**    I request all email records between ███████████████████████
for the period of April 1, 2016 through April 1, 2017 that relate to:

DNC
Alfa server
Trump
Russia
Georgia Tech

████████████

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit E**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 13, 2022

MR. RYAN 

FOIPA Request No.: 1548979-000
Subject: Emails between ████████████
████████████████ related to ████
DNC, Trump, Russia, Etc.
(April 1, 2016 – April 1, 2017)

Dear Mr. Milliron:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☑ You submitted your request via the FBI's eFOIPA system.

☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

☑ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

☐ Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# Exhibit F

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2022-06-06T00:25:19.483977+00:00 Status: pending Message:



## Individual Information

| | |
|---|---|
| **Prefix** | Mr. |
| **First Name** | Ryan |
| **Middle Name** | |
| **Last Name** | Milliron |
| **Suffix** | |
| **Email** | |
| **Phone** | |
| **Location** | United States |

## Domestic Address

| | |
|---|---|
| **Address Line 1** | |
| **Address Line 2** | |
| **City** | |
| **State** | Michigan |
| **Postal** | |

## Agreement to Pay

| | |
|---|---|
| **How you will pay** | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |

**Allow up to $** | 75

# Non-Individual FOIA Request

**Request Information** | I request copies of contracts between the FBI and any of the following entities:

Packet Forensics
Bitvoyant (Bluevoyant)
Neustar
Zetalytics
Vostrom Holdings

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the â€˜Check Status of Your FOI/PA Request toolâ€™ link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

            v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# Exhibit G

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

June 21, 2022

MR. RYAN



FOIPA Request No.: NFP-139344
Subject: Contracts between the FBI and
various organizations

Dear Mr. Milliron:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

The FOIPA provides for access to Government records where the records sought are "reasonably described" [Title 5, United States Code, Section 552(a)(3)(A)].   Your letter does not contain enough descriptive information to permit a search of our records.   Therefore, your request is being administratively closed.   In accordance with Title 28, Code of Federal Regulations, Part 16.3(b), please provide us more specific information.

Examples of specific information which could assist in locating potentially responsive records within a reasonable amount of effort are as follows:

- Individuals
  - Complete name
  - Birth date
  - Place of birth
  - Place of death
  - Date of death
  - Date and location of incident
- Organizations or Events
  - Date of event
  - Time frame
  - Location

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov.   You may also visit www.fbi.gov and select "Services," "Information Management," and "Freedom of Information/Privacy Act" for additional guidance.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

    Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit H**

https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
    Dissemination Section
Information Management Division

Enclosure

U.S. Department of Justice



_____

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

#

December 14, 2022

MR. RYAN ███████████
███████  ███████

Request No.: 1549040-000
Civil Action No.: 22-cv-782
Subject: FD 302s and 1023s for ███████████
███████████████ related to Russia, Trump, Alfa or DNC

Dear Mr. Milliron:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.   Below you will find information relevant to your request.   Please read each paragraph carefully.

To the extent that your request seeks records about 302s or 1023s for Rodney Joffe related to Russia, Trump, Alfa or DNC, please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C) of 5 U.S.C. § 552.   The mere acknowledgment of the existence of records on third party individuals, with the exception of records that have been officially acknowledged, could reasonably be expected to constitute an unwarranted invasion of personal privacy.   Additionally, FOIA exemption (b)(7)(D) protects the identity of confidential sources and information furnished by such sources in criminal law enforcement and national security investigations.   As such, the FBI cannot confirm or deny that an individual or entity is, or has ever been, a confidential source.   Acknowledgment by the FBI of whether it does or does not have source-related records about an individual or entity could reasonably be expected to compromise the identity of a source.   Moreover, acknowledgment of the existence or non-existence of source-related records undermines the very use of confidential sources as it would discourage cooperation with the FBI in the future.   Therefore, the FBI neither confirms nor denies the existence of records pursuant to FOIA exemption (b)(7)(D) of 5 U.S.C. § 552.   This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.   As a result, your request has been closed.   Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

To the extent that your request seeks records about 302s or 1023s for ████████████████ ████████ related to Russia, Trump, Alfa or DNC, please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C) of 5 U.S.C. § 552.   The mere acknowledgment of the existence of records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.   Additionally, FOIA exemption (b)(7)(D) protects the identity of confidential sources and information furnished by such sources in criminal law enforcement and national security investigations.   As such, the FBI cannot confirm or deny that an individual or entity is, or has ever been, a confidential source.   Acknowledgment by the FBI of whether it does or does not have source-related records about an individual or entity could reasonably be expected to compromise the identity of a source.   Moreover, acknowledgment of the existence or non-existence of source-related records undermines the very use of confidential sources as it would discourage cooperation with the FBI in the future.   Therefore, the FBI neither confirms nor denies the existence of records pursuant to FOIA exemption (b)(7)(D) of 5 U.S.C. § 552.   This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.   As a result, your request has been closed.   Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website:

https://www.justice.gov/oip/submit-and-track-request-or-appeal.    Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
   Dissemination Section
Information Management Division

Enclosure

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.  To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

        a.    *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

        b.    *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

    Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit I**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 1, 2023

MR. RYAN MILLIRON

█████████████████

*Milliron v. FBI*
Civil Action No.: 22-cv-782
FOIPA Request No.: 1548979-0
Subject: 302's, 1023's and emails between ████
█████ et. Al. related to DNC, Trump, Russia, etc.

Dear Mr. Milliron:

The FBI has completed its review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |  |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |  |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |  |
|  | ☐ (b)(7)(D) |  | ☐ (k)(2) |  |
|  | ☑ (b)(7)(E) |  | ☐ (k)(3) |  |
|  | ☐ (b)(7)(F) |  | ☐ (k)(4) |  |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |  |
| ☐ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |  |
| ☑ (b)(6) |  |  | ☐ (k)(7) |  |

29 page(s) were reviewed and 1 page is being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Based on the information you provided, we conducted a search of the places reasonably expected to have records. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

This is the final release of information responsive to your FOIPA request. This material is being provided to you at no charge.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)   **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)   **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)  **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.  The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

      a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

      b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)   **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

    Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 22-cv-782 (SJB)

# Exhibit J



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 2, 2025

Jose ████████
**14062379
████████████████████████
███████████

Civil Action No.: 24-cv-1413
FOIPA Request No.: 1617399-000
Subject: ████, Jose ████

Dear Jose ████:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request and subsequent Civil Action. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Your request specifically seeks FBI confidential informant records. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. Therefore, to the extent the request seeks records confirming or denying the informant status of any person, the FBI neither confirms nor denies the existence of records responsive to your request pursuant to Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)] and FOIA exemptions (b)(7)(D), (b)(7)(E),and (b)(7)(F) [5 U.S.C.§ 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)].

To the extent the request seeks records about Plaintiff regarding the investigation, indictment, or conviction of Luis ████████████, the FBI conducted a main entity record search of the Central Records System (CRS) per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request.

To the extent the request seeks any other records regarding one or more third party individuals, the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.

To the extent the request seeks any other records concerning Plaintiff created between 2008 and 2024, the FBI conducted a main entity record search of the CRS per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request.

Additionally, records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

        a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
        b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

             v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit K**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 31, 2023

MR. RYAN MILLIRON

Milliron v. FBI and DOD
Civil Action No.: 22-cv-782
Non-FOIPA Request No.: 139344
Subject: Contracts from January 1, 2015
through June 1, 2019 between FBI and
Packet Forensics, Bitvoyant (Bluevoyant),
Neustar, Zetalytics, and Vostrom Holdings

Dear Mr. Milliron:

You were previously advised we were consulting with another agency concerning information related to your Freedom of Information/Privacy Acts (FOIPA) request.

A portion of that information has been returned to the FBI and is enclosed.   The documents were reviewed under the FOIA/FOIPA, Title 5, United States Code, Sections (s) 552/552a.   Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   The checked exemptions used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  | Section 552 |  | Section 552a |
|---|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☑ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

67 pages were reviewed and 0 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

This is the third interim release of information responsive to your FOIPA request. This material is being provided to you at no charge.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

  a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
  b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit L**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 31, 2024

MR. RYAN MILLIRON
████████████████

Milliron v. FBI and DOD
Civil Action No.: 22-cv-782
FOIPA Request No.: 1548979-0
Subject: Contracts from January 1, 2015 through
June 1, 2019 between FBI and Packet Forensics,
Bitvoyant (Bluevoyant), Neustar, Zetalytics, and
Vostrom Holdings

Dear Mr. Milliron:

The FBI has completed its final review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request.   The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a.   Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.  The appropriate exemptions are noted on the processed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.   An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
|  | ☑ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☑ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) |  | ☐ (k)(7) |

49 pages were reviewed and 0 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

This is the final release of information responsive to your FOIPA request. This material is being provided to you at no charge.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)   **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)   **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)   **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)   **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)   **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

   a.  *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

   b.  *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)   **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions the FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

    Plaintiff,

         v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit M**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 3, 2025

Mr. Ryan Milliron

<span style="background:black">      </span>

*302'S, 1023'S, AND EMAILS BETWEEN RODNEY*
*JOFFE, ET AL. RELATED TO DNC, TRUMP, RUSSIA,*
*ETC.*
Civil Action No.: 22-cv-782
FOIPA Request No.: 1116575
Subject: Emails Between Rodney ███ and FBI
Agent Tom ███

Dear Mr. Milliron:

    The FBI has completed its final review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request.   The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a.   Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.   The appropriate exemptions are noted on the processed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.   An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) | |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) | |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) | |
| _____ | ☐ (b)(7)(D) |  | ☐ (k)(2) | |
| _____ | ☑ (b)(7)(E) |  | ☐ (k)(3) | |
| _____ | ☐ (b)(7)(F) |  | ☐ (k)(4) | |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) | |
| ☐ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) | |
| ☑ (b)(6) |  |  | ☐ (k)(7) | |

    29 pages were reviewed and 14 pages are being released.

    Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

    The enclosed previously processed documents, Bates-stamped FBI (22-cv-782)-1 through FBI (22-cv-782)-29, are responsive to FOIPA Request Number 1116575-000. The records represent the final release of information responsive to your request. This material is being provided to you at no charge.

    Duplicate copies of the same document were not processed.

    Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   If possible, please provide a copy of your original request and this response letter with your appeal.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records or administrative records of previous FOIPA requests.

            a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of
                 an investigation
            b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case
                 but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RYAN MILLIRON,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 22-cv-782 (SJB)

# **Exhibit N**

**U.S. Department of Justice**

<hr>

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 31, 2025

MR. RYAN MILLIRON

Milliron v. FBI and DOD
Civil Action No.: 22-cv-782
Non-FOIPA Request No.: 139344-0
Subject: Contracts from January 1, 2015 through
June 1, 2019 between FBI and Packet Forensics,
Bitvoyant (Bluevoyant), Neustar, Zetalytics, and
Vostrom Holdings

Dear Mr. Milliron:

     The FBI has completed its final review of records subject to the Freedom of Information/Privacy Acts (FOIPA) that are responsive to your request. The enclosed documents were reviewed under the FOIPA, Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 USC § 3024(i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

     49 pages were reviewed and 0 page are being released.

     Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

     Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

     The enclosed previously processed documents, Bates-stamped FBI (22-cv-782)-40 through FBI (22-cv-782)-54, FBI (22-cv-782)-62 through FBI (22-cv-782)-70, FBI (22-cv-782)-78 through FBI (22-cv-782)-83, FBI (22-cv-782)-92 through FBI (22-cv-782)-106, FBI (22-cv-782)-119 through FBI (22-cv-782)-122 are responsive to FOIPA Request Number 139344. This is the **final release** of information responsive to your FOIPA request. This material is being provided to you at no charge.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.
- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Please direct any further inquiries about this case to the attorney representing the Government in this matter. Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)    **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**. To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)    **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

        a.    *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

        b.    *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN MILLIRON,

        Plaintiff,

   v.

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

Civil Action No. 22-cv-782 (SJB)

# Exhibit O

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**
*MILLIRON v. U.S. DEPARTMENT OF DEFENSE, ET AL.*
**22-cv-782**

| Page Disposition Totals |
| --- |

**Total:** 15

RIP: 0
WIF: 15
  • FOIA Exemption(s):                        0
  • Duplicate:                                    15
  • Other:                                           0

## Exemption Application Index

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
| --- | --- |
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names of FBI Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Names and Identifying Information of Third Parties who Provided Information |
| (b)(6)-3 and (b)(7)(C)-3 | Names of Third Parties Merely Mentioned |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-4 | Collection/Analysis of Information |

| INDEX KEY | |
| --- | --- |
| Dup.: | Duplicate page that was withheld in full |
| Dup of: | Location of original copy |

| FBI DOCUMENT TYPES |
| --- |
| • Electronic Mail Messages (E-mails):  These documents consist of E-mails between FBI personnel, between FBI personnel and private citizens/corporations, between FBI personnel and Other Government Agency (OGA) personnel, and/or between FBI personnel and state and local law enforcement agencies.. |

| Document Description | Bates | 6/7C 1 | 6/7C 2 | 6/7C 3 | 7E 4 | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|
| Joffe Email Communications[1] | 1 | | x | x | x | | | x | pg 3 |
| | 2 | | x | x | x | | | x | pg 4 |
| | 5 | | x | x | x | | | x | pg 18 |
| | 6 | | x | x | x | | | x | pg 19 |
| | 7 | | x | x | x | | | x | pg 20 |
| | 8 | | x | x | x | | | x | pg 18 |
| | 9 | | x | x | x | | | x | pg 19 |
| | 10 | | x | x | x | | | x | pg 20 |
| | 11 | x | x | x | x | | | x | pg 18 |
| | 12 | | x | x | x | | | x | pg 19 |
| | 13 | | x | x | x | | | x | pg 20 |
| | 14 | | | | | | | x | pg 21 |
| | 15 | | x | x | x | | | x | pg 22 |
| | 16 | | x | x | x | | | x | pg 23 |
| | 17 | | x | x | x | | | x | pg 24 |
| [1] The pages removed in full contained duplicate emails on the pages that were released. The same redactions used on those emails are included on this Index. | | | | | | | | | |